(April 11, 1907.)

## LEWISTON LUMBER AND BOX COMPANY, a Corporation, Appellant, v. FRANK GARVEY et al., Respondents.

[89 Pac. 940.]

CONTRACT MADE BY AGENT OF CORPORATION—NOTICE TO CORPORATION—CONTRACT BINDING ON CORPORATION.

1. Where S. is the superintendent, general manager, secretary and treasurer of a corporation, and as such officer employs laborers to cut timber and place the same in the river and fails to pay them therefor, and they thereafter procure judgments against the corporation, and executions are issued to enforce such judgments and levied upon the logs so cut and placed in the river, and thereafter an agreement is made between the said superintendent, general manager, secretary and treasurer and one B., as trustee or agent for said judgment creditors, whereby the said B. is to take possession of said logs and float them down the river to the mill or plant of the corporation, which was done, and the logs and timber are there sold under such agreement, the contract so entered into by the superintendent, general manager, secretary and treasurer, although he does not sign the contract as such superintendent and general manager, is binding on the corporation.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Action to recover damages for the alleged conversion of certain timber products.   Judgment for the defendant.   *Affirmed.*

J. O. Bender, for Appellant.

Blake is estopped to claim that he believed Scott was the owner of the property, because he represented the lien claimants against the corporation.   In order to establish an estoppel it must be proven that the representations were false and that the party did not know of their falsity.

There is no claim that this corporation granted Scott the authority to enter into this agreement with Blake for the sale

of this property, but the defense is purely one of an estoppel, and the false representation alleged is that Scott claimed to be the owner of the property. This representation Blake well knew to be false, and is in fact estopped to claim the truth of it or even to claim he believed it to be true. (*Leland v. Isenbeck,* 1 Idaho, 475; 16 Cyc. 734, note 23, and 738, note 25; *Meyendorf v. Frohner,* 3 Mont. 282; *Centennial Eureka Min. Co. v. Juab Co.,* 22 Utah, 395, 62 Pac. 1027; *Ergenbright v. Henderson,* 72 Kan. 524, 82 Pac. 524.)

It is impossible to get away from this agreement between Scott and Blake. It constitutes the gist of the alleged defense, whether this be an estoppel based upon false representations or predicated upon a contract, and it remains that the fraudulent character of this agreement must operate to defeat any claim to an equitable estoppel. (*Lamson v. Beard.* 94 Fed. 30-42, 36 C. C. A. 56, 45 L. R. A. 822; *McCutcheon v. Merz Capsule Co.,* 71 Fed. 795, 19 C. C. A. 108, 31 L. R. A. 415.)

Chas. L. McDonald, for Respondents.

Appellant seems to lose sight of the fact that it admits we have alleged and established by proof that Blake believed Scott's statement to be true. On the one hand we have the absolute admission to that effect; and on the other, a flimsy presumption that he must have known it to be false because his (Blake's) principals had claimed in their action that the corporation owned the property. In the face of the direct admission, there can be no weight given to the presumption, if any presumption exists.

The facts as admitted herein bring the appellant clearly within the rule laid down as to what facts are necessary to constitute an estoppel *in pais.* The evidence shows the corporation concealed the material facts of its ownership of the property after Blake, with its knowledge, had taken possession of the same on the assumption that it belonged to Scott; the corporation admits that it knew of Scott's claim of ownership and Blake's actions performed in reliance on the truth of Scott's statements. (*Trust Co. v. Wagener,* 12 Utah, 1, 40

Pac. 764; *Swain v. Seamens,* 9 Wall. 254, 19 L. ed. 554; *Carpy v. Dowdell,* 115 Cal. 677, 47 Pac. 695.)

"The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both." (*Dickerson v. Colgrove,* 100 U. S. 580, 25 L. ed. 618.)

SULLIVAN, J.—This action was brought by the appellant corporation against the defendants to recover $3,750 for certain logs, post timber and shingle bolts which it is alleged the defendants wrongfully converted to their own use and benefit.

The issues made by the pleadings were tried by the court without a jury upon stipulated facts. The court made findings of fact and conclusions of law and entered judgment in favor of the respondents. The appeal is from the judgment.

The main contention of counsel for appellant is that the evidence is insufficient to sustain the findings made by the court, and that the judgment is not supported by the findings.

The court found upon all of the material issues. It found that George E. Scott was acting as superintendent, general manager, secretary and treasurer of the corporation plaintiff during the year 1905, and while acting as such he caused to be cut and placed in the Clear Water river, for the purpose of floating the same to the city of Lewiston, certain cedar posts and shingle bolts, all of which were floated a portion of the way down the Clear Water river toward their intended destination.

The court also finds that certain persons, naming them, were judgment creditors of said corporation, and that J. W. Blake represented a number of such creditors; that executions were issued to enforce said judgments and levied upon such posts and shingle bolts; that said timber products were

of very little or no value where they were then situated, for
the reason that they were in danger of being lost by the river
freezing and the timber going out with the ice, and for the
further reason that there was no market for the same at the
point where they were located; that said Scott while acting
as the superintendent, manager and secretary of the appel-
lant corporation, and in possession of said timber products,
represented to said Blake, who was then acting as agent for
all of said judgment creditors, except Dinsmore, that he,
Scott, was the owner of said timber products, and said Scott
for himself and as agent for said Dinsmore, for the purpose
of realizing the greatest amount possible out of said timber
products, made and entered into a written contract, dated
the tenth day of January, 1907, with said Blake; that in ac-
cordance with the terms of said agreement said Blake, rely-
ing upon the representations of said Scott to the effect that
he had full power and authority to make said contract, took
possession of said timber products and caused the same to be
floated down the Clear Water river to Lewiston; that the
same were landed at the site and mill of the appellant cor-
poration; that thereafter said Blake in accordance with the
terms of said contract, proceeded to sell the same and sold
them to the defendants Garvey and Emmery for the sum of
$800; that the appellant corporation had full knowledge and
notice of the fact that said Blake had taken possession of
said timber products under and by virtue of said contract,
and that no objection was made by the said corporation or
by any of its officers to the said Blake taking possession there-
of; that it had full knowledge of the intention of Blake to
sell the same and had ample time prior to the sale to object
thereto, but neglected and failed to do so; that said Blake
acted in good faith in said matter in taking possession of and
selling the same, and that the value of said property at the
time it was sold was $800 and no more. And as conclusions
of law, the court held that said Blake came into the posses-
sion of said timber products rightfully and lawfully, and law-
fully disposed of the same; that none of the defendants in this
action are guilty of the conversion of said timber products, but

that the same were sold with full knowledge and acquiescence of the appellant corporation; and that said appellant corporation is estopped from claiming any right, title or interest in said timber products, or to dispute the authority of said Scott to enter into said contract with said Blake, and entered a judgment of dismissal of said action.

It is stipulated that said Scott was the superintendent, treasurer and manager of said corporation; that he had employed said judgment creditors to go into the forest and cut said timber and place it in the Clear Water river, and failed to pay them for their services, and that they procured judgment against said corporation, and had execution issued and levied upon said timber products, and after the levy of said executions Scott entered into said agreement with Blake, and he, Blake, took possession of said property, floated it down to the city of Lewiston, sold the same, paid the expense thereof, and is ready to distribute whatever surplus remains among the judgment creditors.

While the corporation may not have directly authorized Scott, who was apparently the whole corporation, to enter into said contract with Blake, Scott had full knowledge. of all of said facts, and such knowledge must be imputed to the corporation in which he held so many important offices. It would be most unjust and inequitable, under the facts of this case, to permit the appellant, whose complaint is verified by this identical man Scott, to now mulct said defendants in damages for having done just what its general manager had authorized them to do.

There is not a particle of evidence in the record indicating that there was any fraud or collusion between this trusted officer of the appellant corporation and Blake or the judgment creditors. If there was, the court would protect the corporation from the fraud of its officer, but it is stipulated that Blake acted with perfect fairness and good faith in the matter, and to permit the appellant, under the facts of this case, to recover $800, the value of said products delivered in Lewiston, and relieve it from paying the cost and expense of

floating said timber products to Lewiston, would be most unjust.

The judgment must be sustained and it is so ordered, with costs of this appeal in favor of the respondents.

Ailshie, C. J., concurs.